# CIRCUIT COURT OF THE CITY OF RICHMOND

Charles B. Poulston, Jr.

v.

Bobby Rock

August 8, 1994

Case No. LW-1804-3

BY JUDGE MELVIN R. HUGHES, JR.

This case was tried on July 14, 1994, before a jury which rendered a verdict for $10,000 in compensatory damages and $25,000 in punitive damages in plaintiff's favor for defamatory statements made by defendant. After the verdict, defendant moved the court to set aside the verdict, remit the verdict, or order a new trial on the grounds that the damages awarded were not supported by the evidence and were excessive. The court took the matter under advisement.

The facts giving rise to this defamation action are as follows. Plaintiff, Charles B. Poulston, Jr., and defendant, Bobby Rock, are acquaintances and custom motorcycles hobbyists. On January 19, 1993, this court awarded plaintiff judgment against defendant for negligently painting plaintiff's motorcycle. Plaintiff instituted garnishment proceedings against defendant to collect this judgment. On or about the week of May 10, 1993, defendant telephoned the labor relations' manager at DuPont Corporation, plaintiff's long-time employer, and stated that the plaintiff had stolen stainless steel nuts and bolts and cast iron from DuPont's inventory. Defendant further stated that plaintiff had given defendant these stolen items for use in assembling a custom motorcycle. Defendant stated that he wanted to "get" plaintiff in retaliation for plaintiff's actions to collect the judgment. These allegations were repeated to other employees and managers at Du-Pont. DuPont conducted an internal investigation which uncovered no evidence of plaintiff's alleged theft. Later, in separate incidents, at two local restaurants, defendant accused plaintiff to his face of being a liar and

a thief. These remarks were overheard by others. Also, plaintiff testified that at a later custom motorcycle show, persons attending commented about the nuts and bolts accusations. At trial, witnesses for plaintiff testified that upon learning about defendant's telephone call to DuPont, plaintiff appeared not to take the matter seriously and smiled and laughed about it. One person who informed plaintiff of defendant's allegation, plaintiff's union representative, testified that upon hearing of defendant's accusation, plaintiff appeared surprised. Plaintiff's witnesses testified that they did not believe defendant's accusation and had the same high regard for the plaintiff after the incident as before. One witness described plaintiff's integrity as "A-1," both before and after learning of defendant's accusation. Other witnesses testified that they had never questioned plaintiff's integrity or honesty both before and after the defendant's allegations. No witness testified that plaintiff's reputation had diminished in the slightest. Plaintiff testified that he neither stole the items nor told anyone that he had taken them. Defendant's accusation did not adversely affect plaintiff's employment status or cause diminution in his salary or benefits. No evidence was presented that plaintiff sought medical treatment or suffered any physical or emotional injuries as a result of defendant's actions, although plaintiff testified that his fellow employees kidded him about the matter.

Defendant requests the court to set aside or remit the verdict, or order a new trial, arguing (1) that the compensatory damages are excessive, and (2) that the punitive damages award is excessive. The verdict will not be set aside unless it is so grossly excessive as to indicate the jury, in rendering it, was actuated by prejudice, passion, or corruption, or that they were misled by some mistaken view of the case. *Boyd v. Boyd*, 116 Va. 326, 328, 82 S.E. 110 (1914). Whether the jury's award is excessive is a legal question addressed to the sound discretion of the trial court in the exercise of its supervisory power over verdicts to prevent a miscarriage of justice. *Subs v. Cowden*, 179 Va. 190, 198, 18 S.E.2d 275 (1942).

At common law, defamatory statements which are actionable *per se* include those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. *Fleming v. Moore*, 221 Va. 884, 889 (1981), *cert. denied*, 472 U.S. 1032 (1985). In the instant case, defendant's accusation that plaintiff had stolen property from his employer constituted an offense involving moral turpitude so as to be the subject of defamation *per se*. Where, as here, the defamation is actionable *per se*, damages for injury to reputation, humiliation, and embarrassment are presumed, and thus the

plaintiff is not required to prove actual or pecuniary loss to recover compensatory damages. *Great Coastal Exp., Inc. v. Ellington*, 230 Va. 142, 151 (1985).

There is no fixed standard for measuring damages in a defamation action, *Gazette, Inc. v. Harris*, 229 Va. 1, 13-14, *cert. denied, Fleming v. Moore*, 472 U.S. 1032 (1985), nor can damages be determined by any process of computation. *News Leader Co. v. Kocen*, 173 Va. 95, 103 (1939). Plaintiff is entitled to recover an amount which will fairly compensate him for the injury suffered. *James v. Powell*, 154 Va. 96, 117 (1930). In computing damages in defamation actions, the jury may consider the following factors: (1) all the facts and circumstances of the case, as disclosed by the evidence, *Times Dispatch v. Zoll*, 148 Va. 850, 857 (1927); (2) the nature and character of the charges; (3) the language in which they were expressed; (4) the occasion on which they were published; (5) the extent of their circulation; (6) the probable effect upon those to whose attention they came; (7) their natural and probable effect upon the plaintiff's feeling and the standing in the community in which he lives; (8) the pain, mortification and mental suffering inflicted upon the plaintiff; and (9) the injury of his reputation as a man and a citizen. *James v. Powell*, 154 Va. 96, 117 (1930) (libel per se action against publication which accused plaintiff of committing robbery); *Snyder v. Fatherly*, 158 Va. 335, 351 (1932) (slander per se action by employee against store owner and manager for accusing employee of stealing).

Under these principles, the court finds that the amount of compensatory damages awarded in this case is shockingly excessive. Plaintiff presented no proof that his reputation was even slightly diminished by defendant's defamatory statements. No inferences may be drawn from the proof that plaintiff's reputation was harmed or tainted in any way by the defamation. On the contrary, plaintiff's own witnesses testified that they did not believe defendant's accusation and held plaintiff in the same high esteem after learning of defendant's accusation as before. In addition, the evidence was devoid of proof that plaintiff suffered any pecuniary loss from the defamatory statements. Plaintiff remains employed at DuPont, suffered no diminution in salary, and is held in high regard by his fellow employees and superiors. Finally, plaintiff offered no evidence that he suffered any physical or emotional injury, save for some embarrassment sustained from good-natured joking of his peers. Accordingly, the size of the compensatory damage award is without support in the evidence and grossly in

excess of the actual injuries suffered and, thus, should be reduced to $1,000.00.

The objective of punitive damages is to punish the wrongdoer and deter others from committing like offenses. The imposition of punitive damages is not favored generally and, "[b]ecause punitive damages are in the nature of a penalty, they should be awarded only in cases of the most egregious conduct." *Owens-Corning Fiberglas Corp. v. Watson*, 243 Va. 128, 144 (1992) (quoting, *Philip Morris, Inc. v. Emerson*, 235 Va. 380, 407 (1988)). The damages awarded should bear some reasonable relation to the real damages sustained and to the measure of punishment required; otherwise, they indicate prejudice. *Stubbs, supra*, at 201. In order to award punitive damages, a jury must find that the defendant acted with actual malice toward the plaintiff or acted under circumstances amounting to a willful and wanton disregard of the plaintiff's rights. Virginia Model Jury Instruction I-205 (Michie 1993).

In the instant case, the jury could have reasonably found the requisite level of malice to justify an award of punitive damages. As for the amount of the damages, notwithstanding that some award was proper, the court finds that the award of $25,000, in light of the purpose punitive damages are to serve, is excessive. The punitive damage award bears no reasonable relation to the real damages sustained by plaintiff. Accordingly, based both on the lack of evidence of real damage suffered and the reduction in the amount of the compensatory award, upon which the court is conditioning its denial of defendant's motion for new trial, the court will reduce the amount of punitive damages to $2,500.00.

Thus, pursuant to § 8.01-383.1, the Court hereby remits the award of damages by the jury to $1,000.00 compensatory and $2,500.00 punitive or else there will be a new trial on all issues.